No. 660

PRUSHING, In Re.

U. S. Dist. Court, Southern Division of Ohio. Eastern Division. No. 5599.

Before F. M. Sinks, Referee in Bankruptcy, Franklin County. Affirmed by Judge B. W. Hough on July 30, 1927.

Opinion of Referee on Claim of Bankrupt for Exemptions.

127. BANKRUPTCY—489. Exemption. — 1. Under 11738 GC. bankrupt is entitled to claim, as exempt, cash in his possession at time of filing petition, subsequently transferred to Trustee in Bankruptcy, not to exceed $500.00.

2. Under 11725 GC. bankrupt is entitled to claim a maximum of $75.00 out of wages due him as a specific exemption, but in case he also claims under 11738 GC. he cannot designate wages due him as either part or whole of the $500.00 authorized under said statute in lieu of homestead.

SINKS, REFEREE:

Claude W. Prushing filed his voluntary petition in bankruptcy, and set forth in his schedule that he had cash on hand in the sum of $100.00, and also a claim for unpaid wages amounting to $100.00, both of which sums he claimed as exempt under the laws of the State of Ohio.

It seems that the Bankrupt is the head and support of a family, and has no homestead, nor has his wife a homestead, and his only assets are the items described above.

It further appears that the claim for wages represents work, and labor within the thirty days next preceding the filing of the petition in bankruptcy.

Upon examination the Bankrupt stated that these unpaid wages were necessary to the support of the debtor's dependent family.

Subsequent to the election of the Trustee, the wages in question were paid to the Trustee, so that the later now has in his hands the sum of $200.00 in money, all of which the Bankrupt is claiming as exempt under 11725 and 11738 GC.

The Trustee in Bankruptcy reported that the Bankrupt was not entitled to receive the $200.00 or any portion thereof.

To this return the Bankrupt filed exceptions, and thus the matter is presented to the Referee.

It is claimed by the Trustee that 11738 GC. determines the right of the Bankrupt to both of the funds in his hands. The sentence upon which he relies is in the following words: "Such selection and exemption shall not be made by the debtor, or his attorney, or allowed to him from money, salary or wages due him from any person, partnership or corporation, nor shall any passenger automobile be selected as exempt." A careful study of the sentence shows its meaning to be that an exemption cannot be claimed from any money that is due from any person, partnership or corporation The $100.00 which the Bankrupt had on hand at the time he filed his petition in bankruptcy was in no sense due from any person, firm or corporation. The Bankrupt is free to claim it as exempt as a part of the goods and chattels to which he is entitled in lieu of a homestead.

The trustee claims that the sentence above referred to and quoted from 11738 GC. precludes the Bankrupt from claiming the wages due; and the language itself seems to justify this conclusion. The Bankrupt, on the other hand, relies upon the provisions of 11725 GC., which appear to be directly in conflict with the other Section, and appear to authorize a debtor to retain a certain portion of wages due and unpaid. An examination of the two Statutes discloses that they were both amended at the same time by the same General Assembly in 1925; that both had theretofore existed but with somewhat different provisions, and that the provision of 11738 GC. which denies the right to an exemption out of money, salary or wages, is entirely new.

I am inclined to believe that the best solution is to regard $75.00 out of the wages as the maximum amount which a debtor can claim under 11725 GC., and I therefore hold that the Bankrupt is entitled to this amount.

In other words, my conclusion is that the Bankrupt is entitled to the payment of $175.00 out of the $200.00 in the hands of the Trustee in Bankruptcy.

Order accordingly.